so we've got Riley versus Tesla once the courtroom settles we can start that one all right Mr. Kroger good morning excuse me good morning may it please the court Thomas Kroger on behalf of James Riley personal representative of the estate of Barrett Riley 18 year old Barrett Riley died in a tragic car crash where he sustained fatal thermal injuries he burned to death in a battery electric vehicle in his 2014 Tesla model s on behalf of his son's estate Mr. Riley brought a products claim alleging that the battery pack was defective because Tesla failed to use fire retardant intumescent material in the battery pack my time this morning I would like to address the district court's order on summary judgment expressed in its order on reconsideration which granted summary judgment in Tesla's favor on this claim based on a proximate cause analysis there are in our view two problems with the district court's finding that there was insufficient evidence that the absence of intumescent material caused the fire first the question on causation is not whether the lack of intumescent material caused the fire it's whether the lack of intumescent material made the fire worse by allowing is it I thought it's it resulted if you read Gooding and the cases that set out causation in Florida it's that that it was that's the but for resulted in injury but for the the the design defect it wouldn't have resulted in that injury am I wrong on that I think that's what gets to the crux of our issue is that it really shouldn't be the but for test expressed in good okay so I've dug into this a lot um and I just want you to correct any misimpression I have it seems to me that if you read Florida law what what Florida law is saying is that where you get the substantial factor test where you get away from Gooding is where there is multiple independent causes that can't say but for in other words two thing have two things happen simultaneously that one cannot say but for that the other it would have resulted because you don't know and in that independent cause situation Florida has in that unique situation watered down the issue but if it's multiple dependent causes that you don't water it down you still apply the but for test do I have that wrong I I don't think you have it wrong at all in principle do you think we have to drill down on the well really if you take it back even a step further you have the cause in fact components I'm really talking about when you have I'm actually really talking about cause in fact right so if we drill down to the the cause in fact and and it's also important to understand what the the damages or the injury is here the injuries are fatal burns from a fire right so then you drill down to the next level and look at the fire and the fire here you can't really say it's just one fire because when you drill down even further and you look at what causes these types of fires in in electric battery packs it's when individual cells and there are 7104 in this particular battery pack it's when they go into something called thermal runaway kind of like a here's what I understand it to be I've tried to read the record as I obviously don't know like the level you you folks at the tables do but but here's what I understand to happen there doesn't seem to be a dispute that there was thermal runaway caused by the multiple collisions and your expert Dr. White seems to admit that um at least but that seems to be what it is what he says is that what can happen as a result of thermal runaway is propagation which spreads from cell to cell to cell and it's the intermessant material that would have stopped the propagation that was there but everyone agrees that at least there was some thermal runaway in some portion because of the collision um it seems to be a decent amount and that that the fire started because of that do I have anything wrong there I would say that is all correct that yes there were some individual battery cells that went into thermal runaway right because of the impacts of the crash right and and that's what started the fire and that's what started those that's what caused those individual cells okay can you show me anywhere in Dr. White's testimony or anywhere if we're in the but for world and I think we've gotten there that this isn't a multiple independent cause situation or independent cause situation anywhere that but for the propagation the death would not have resulted where's the best evidence of that well I I guess the issue I would take with that is I'm not sure that we are outside of the the but for world in other words I still think I agree we are in the but for world but that's I just asked the but for question what I mean to say is that I don't think we can disregard the substantial factor test for causation I just don't so I'm looking at stall which is one of many cases that that deal with this issue stall went through process examples of dependent and independent causes and here's one of the examples that processor use that stall quotes for dependent as opposed to independent for when you water down gooding quote the defendant sets a fire which merges with the fire from some other source the combined fires burn the plaintiff's property but either one would have done it alone that is where the you have the situation that that's where you don't use the the that's where gooding still applies in that situation it's not an independent cause situation here we seem to have exactly that there's a fire and then there's more fire and the defendants died by fire but I don't see where and I'd like to hear your best case in Florida for what that is for why that wouldn't be the but for standard and would require a court to then determine what the but for cause is of the intimacy blanket that caused the injury here I think when you when you drill down on that test and yes that's from uh from section 41 page 239 of the law of torts which stalls sites but the the issue there when it says when there's a fire from some other source I mean here the issue is that there were a number of cells that did not go into thermal runaway that did not catch fire because of any impacts of the crash the only reason that those cells those individual battery cells went into thermal runaway is because according to Dr. White there wasn't intimescent material which would have swallowed up those initial cells from the impact that ignited that would have quelched the fire and that in turn allowed thermal runaway propagation to occur I think all of that is established by Dr. White's testimony and I think you can even say that that wouldn't have happened if the intimescent blanket probably wouldn't have happened if the intimescent material was there I think we've gotten that far but it seems to me that under Florida law you have to get one step further and to say that that if that had happened the death would not have resulted here either because the fire wouldn't have been nearly as as heavy or because that portion of the fire or portion of the battery dealt with a portion of the car he was sitting in there seems to be a link that's missing here and I'm I think that's what the district court was struggling with and that's what I'm struggling with right now that well I think that's because one of in some of the earlier cases that look at the substantial factor of causation they have an analysis where they say essentially the the ultimate harm or damage that occurred could have been caused by a or it could have been caused by b and we can't say which one it was and therefore we're going to use the substantial factor test of causation over time I think that test has been liberalized in the case law and that hard distinction or that notion that either one of the causes standing alone would have caused the ultimate injury has has merged into a standard which sort of recognizes that it can be deemed a cause in fact under the substantial factor test if the defendant's conduct had more than a remote or trivial impact on the circumstances leading to the injury and what's the best case you have for that proposition the the best case is the the AstraZeneca versus case actually at the the district court level uh not that I'm talking about Florida give me what's your best Florida level case so the the best floor well I still think that even if you go through stall I still think you arrive at that at that analysis thank you so it's our position that had the district court use the substantial factor test of causation which was specifically pled in our complaint at paragraph 59 on the strict liability claim we alleged that this defect was a substantial factor in bringing about the fire had the district court used that test and even if the district court only looked at what it had deemed the admissible opinion testimony of Dr. White in other words putting aside any questions on Daubert about the thickness or the cancel walls putting aside her determinations about the appropriateness of the declarations that if you use the substantial factor test whether the defendant's conduct was a substantial factor in bringing about the ultimate harm that there would have been a genuine issue of material facts which would have entitled the plaintiff to have brought the product's liability claim alongside the negligence claim for the removal of the speed limiter at trial one of the the notions that my friend raises with respect to thermal propagation is that it didn't happen and I think it's it's important to look at the the record in terms of whether that is in and of itself a disputed issue of fact given its predicate importance I think there's plenty of testimony from from Dr. White in his deposition what about the argument I agree with you on that I don't think if you take Dr. White's testimony I think we have to because it wasn't excluded under Daubert there clearly was evidence of propagation and that that probably caused some part of the fire or would have stopped that propagation from happening if they had the intumescent material they raised the issue about about the amount of damages and the distribution of fault and how that would have played out in a new trial in other words why would we send this back if we know what the total amount of damage is and we also know that there they've assessed fault in this particular way based on the unique facts of this very tragic case why would that change if we happen to know that a blanket being there would have had less fire than otherwise would have happened I think that's that that raises the question of what this could possibly look like on remand were the court to agree with our position and I I know my time is running short and I'll address this more in rebuttal I think first question is you go to Rule 59 of the Federal Rules of Civil Procedure which allows for partial trials it allows in theory for a for a new trial to happen on just the issue of the product's liability claim but as I'll explain in more detail in rebuttal I believe at the end of the day the issues on apportionment of fault and on the the types of damages that could be compensated in a product's liability claim make it such that the issues are so interwoven and interrelated that under the test for partial trials established by the Supreme Court all the way back in 1931 you can't say that you could fairly have a trial on just the product's liability claim okay Mr. Crager uh you've saved three minutes uh let's hear from Miss Lumish morning good morning may it please will you pull the mic down please sorry may it please the court Wendy Lumish and Alina Rodriguez here on behalf of Tesla I I think your honor uh Judge Luck you described exactly what this case is about there's no claim that the battery was defective because it caused caught fire in this in this crash at over 115 miles an hour that's not the issue the issue is whether plaintiff can demonstrate that but for the lack of intimescent material which plaintiff says would have prevented propagation whether but for that there wouldn't have been a fire or a worse fire I'm not sure how they explain that they're two separate and independent bases in order to for there be a fire here collision and then the starting of one fire that clearly led to another how is that not two independent causes which clearly led to death and we know the death was by thermal injury well we do know the death was by thermal injury the the fire both of them are the fire but the fire happens and the plaintiff is saying that the thermal propagation made it worse apparently but they don't have that evidence they can't show that but for the thermal propagation that the result wouldn't be the same well I I guess the but under Florida law it seems that doesn't have to if they're in multiple independent cause well so let me ask you this if there's if I'm standing in the middle of two pieces of dynamite with long strings and one on my left side one on my right side and two people independently come up and light those those pieces of dynamite and they go off around the same time we can't say which one killed me right that that's what this is about so what we do is we say was a substantial factor in death we sort of water down the causation standard and my question to you is why is this not similar to that situation where you have the crash which started a fire in one portion and then you have because the fire was there other firecrackers went off is the only way I could sort of think about this in the in the battery that then you know also caused fire which led to death let me start by saying of course I'm not agreeing there was the thermal propagation I think the expert just said but for purposes of your question um I think I think the issue here is you have you have a fire and the fire causes the death and the only question is did adding something else to that contribute I would say that just as the court found in Gwynn this court need not even address that question because whether it's substantial factor whether it's uh but for and I'm I believe it's but for and I think your honor clearly explained that earlier but even if you want to go to the substantial factor what the Gwynn court said in Gwynn as as you all may be familiar the Gwynn case was a drug that supposedly caused weight gain and diabetes and there were all kinds of other risk factors for the weight gain and diabetes and what the court ultimately said they excluded the expert's opinion but then they said even if we consider everything the expert said he can't say that it was the weight gain that it was all these other risk factors or it was the drug so if he hasn't proven it was a substantial factor so I would say that even if you want to avoid the issue of whether it's but for causation or whether it's a substantial factor you get to the same result because here's the problem with that um and that is a an appealing argument if if we agreed with it but the syllogism seems to be he dies by fire intimescent material would have prevented uh uh would have prevented the spread of the fire here um and so if it would have prevented the spread of the fire and he died by that same fire whatever the contribution was whether it was substantial or not and the testimony is that if this blanket had been in there that propagation wouldn't have happened I I have trouble seeing how it's like the situation where there's all these other independent causes that could have happened it's all the same thing the same fire well I think I think part of that is the the premise that it it did cause it in the first instance and and part of that is um there's testimony that intimescent according to the plaintiff that intimescent material would have prevented the propagation but actually when you look at what the expert's saying on that he really can't he's saying it wouldn't happen in the abstract he's not offering the opinion in this case what's really important I think here is when you say in this case about this particular particular fire what's really important here is the plaintiff's expert never understood explained this accident this crash the forces in this crash but he acknowledges that there's going to be a fire either way so it was their burden to show that you know you get a fire from crush he can't show that you'd get the fire from something else so even if you you go but for you go substantial factor it still has to be a cause and they haven't met that first level of demonstrating it's a cause they can't say that the lack of intimescent material which allegedly led to a propagation which again we we don't believe the record supports that caused the fire that resulted in the death and I would also point out that even if you get by a 702 challenge as Gwen points out it still can't be speculative testimony and that's all we have is speculative he uses a lot of might have would have my guess is says in the relevant portion that we've been talking about he says probably and probably is probably enough to get there so I I'm not sure that's right but you you're also remember we have to add in not just his testimony but something that he relies on and that's in the record I believe which is the the patent for the blanket or for the material itself which does indicate that propagation is a problem which is why we're creating this thing and they're using it in fact in later models well I I would take issue with the fact of whether or not the patent itself demonstrates there was a material that would have had an impact here there the patent says here's some material that deals with propagation that says nothing about what happens in this in this accident and I think that's the part that's always been missing here that's what I think the judge was the trial judge was struggling with is we're not talking about the abstract I understand fireproofing is supposed to help in a house fire but you still have house fires so the answer can't be just because you have a patent and again we don't agree that dr white testified that on his view and again whether it should have been admitted under 702 put that aside for the moment but in his view he agreed that some of the cells had run away from the crash absolutely but that the other ones because I mean you see them you could see it if you see the picture I mean they're the individual batteries sort of are burned out some of those he says were from crash but the other ones were from propagation right well what no what he actually says he's asked the question about how do you distinguish and I'm not an expert I can't look at the pictures and tell you he's asked how he distinguishes and he said it's my opinion others can disagree with me but that's my opinion whether that should be admitted or not we're putting aside well but let's assume it is admitted uh it still can't be speculated and that's exactly what Gwynne talks about is you can't even if you allow testimony it can't be speculative testimony and that's all he was saying was I think that's what this is my opinion I can't I don't have a basis for it you can't tell when you look at the photographs and here's a really important part about it he said if you just showed me some testing that said there was thermal that there was no thermal propagation when you strike these cells if you showed me that then it's pretty unlikely it didn't happen well guess what that evidence is in the record it's at volume 31 13 in the record and what happened the expert said I wasn't given that I didn't see it so basically he said if you show me the evidence then I don't even think there's thermal propagation and he wasn't shown that evidence and that's why I go back to that stage because I do think it's important I want to interrupt because is that a question for summary judgment or is that an argument for exclusion under rule 702 of his testimony because it's too it's too speculative or uncertain I I think I think as Gwynne points out you always get to the point first you look at it as 702 but then you always ask the question even if you accept the words that the expert said so now you have to accept his words you still decide whether it's speculative and that's what Gwynne said I'm taking the I they excluded the expert but then they said we're going to look at these words that he said anyway and when you look at these words you have to still say is it enough to create a genuine issue right you still have to get to that hurdle sometimes that seems a little odd but when you look at it and again Gwynne Gwynne says that the Pierre case also goes to this causation and so I think what the plaintiff tries to do is say I I see some what I think is thermal propagation although it's just my opinion and I think that it would have prevented propagation because there's a patent out there but the patent doesn't say anything about what happens in a crash at 115 miles an hour that the expert admits he is not looking at he says I didn't consider impacts I'm I'm a battery guy I'm not I'm not a vehicle guy you can't possibly look at this case without considering how this crash happened and at the end of the day if you get fire from crush he has to show that you also got fire from thermal propagation it may sound like well of course that all fits together and there's more of it but that's not the legal standard the legal standard required this expert to come forward with some evidence and from beginning to end he didn't do that and that's why the trial court ultimately after after she did find okay I'm going to say there's a jury issue on defects she went back very carefully and looked at it and said they just haven't proven that causal link really for the for the description uh Judge Luck when when you started that you looked at there's a gap there and it you can make it sound good by saying a fire is a fire but that's not how the law operates and they had a burden that they didn't meet and so we would say that you don't need to go to deciding I think it is but for to be very clear I think that's the correct analysis but even if you do substantial factor the Gwin case is directly on point and we would ask that the court affirm based on uh the Gwin the Gwin decision if the court has other questions I'm happy to answer them you don't thank you thank you uh three minutes uh Mr. Greger thank you the the first thing I would like to address is an issue raised by my friend whether the opinion is speculative regarding the existence of thermal runaway propagation and what I would like to to mention on that is there is evidence from which there would be a genuine issue of fact on that point Dr. White testified at multiple points in his deposition that he saw visual evidence of runaway propagation not only from cell to cell but from module to module so he saw it from the right front corner where the initial impact happened on the car all the way back to modules extending towards the rear tire now there were arguments made below that that visual inspection is insufficient for that sort of an opinion but I would note that Tesla's own expert also relied on his visual inspection in his report to say that there wasn't thermal runaway propagation what about the evidence that counsel says he didn't see the I'm sorry she just mentioned a piece of evidence that that he said he was not presented with he has no knowledge of the force of the crash right that that's the problem and so he so the lack of intermessive material that might have prevented thermal um propagation doesn't change the fact that um with the force of the crash there would have been a fire anyway and he has no knowledge about the force of the crash that that that looks to me like a big problem well it a it didn't render his admissible opinion infirm the eyes of the district court which Tesla hasn't appealed so the the law of the case is that the opinion that he did render on intermissive material remains but with respect to the impact from the crashes there is evidence from which an inference should be drawn in the plaintiff's favor coming in large part from patent that is known exactly what causes thermal runaway it can be caused by a short circuit it can be caused by physical abuse or it can be caused by thermal runaway propagation from other cells increased temperatures and that is what the crux of of the issue is in our view is that we have independent cells that went into thermal runaway because of the crash and then we have a number of other cells that went into thermal runaway because of thermal way thermal runaway propagation which could have been avoided with the use of intermissive material so that's why in our view there that is a substantial factor in bringing about the fire that was fatal and and on to judge luck's point on that in terms of florida law i would simply direct the court as we did in our to the jury instruction in products liability cases 403.12 which is clear in the comments that it's not setting forth any other additional standard but is setting forth the basic test and and that test is simply that you look to see whether it was in fact a contributed substantially to producing the ultimate harm which in this case was mr reilly's okay we have your case that's the last of the week we're adjourned thank you thank you